[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 28, 2008
THOMAS K. KAHN
CLERK

No. 07-11869
Non-Argument Calendar

----------------------------------------

Agency No. A79-629-839

MARIE ISMANE PIERRE,

                                                            Petitioner,

                        versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

--------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
--------------------------------------
**(April 28, 2008)**

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Marie Ismane Pierre, a native and citizen of Haiti, petitions for review of the

adoption and affirmance by the Board of Immigration Appeals ("BIA") of the

decision of the Immigration Judge ("IJ") denying asylum.[1] No reversible error has been shown; we deny the petition.

We review the decisions of the IJ and the BIA in this case. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well").

An alien may obtain asylum if she is a "refugee," that is, a person unable or unwilling to return to her country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286-87 (11th Cir. 2005).

Pierre sought asylum based on her and her brother's involvement in Konfederasyon Inite Demokatik ("KID"), an opposition party to Lavalas: the then-ruling party in Haiti. Pierre alleged that her brother had disappeared after the two attended a KID meeting; and later, Lavalas began targeting her at the orphanage

---

[1] The decision also denied withholding of removal and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. But, on appeal, Pierre does not offer arguments on these claims; and thus, they are abandoned. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that a petitioner abandons an issue by failing to offer argument on that issue).

2

where she worked. In denying Pierre's asylum application, the IJ made an adverse credibility determination about Pierre, which the BIA affirmed. The BIA explained that (1) Pierre did not amend her asylum application to include the important fact of her sister's death at the hands of Lavalas, (2) inconsistencies existed between her asylum application, asylum interview, and hearing testimony about when she first received threatening phone calls from Lavalas and whether she was followed after leaving the orphanage when Lavalas members came looking for her there, (3) she did not sufficiently explain these important omissions and inconsistencies, and (4) she failed to provide corroborating evidence for any part of her claim. Pierre now challenges the BIA's affirmance of the adverse credibility determination, arguing that the omissions and inconsistencies in her testimony were either adequately explained or simply unclear and did not provide a cogent reason for finding her incredible. She also argues that her lack of corroborating evidence was excused because her testimony was sufficiently detailed and consistent.[2]

---

[2]Pierre posits that the IJ impermissibly relied on the asylum interview notes in finding her incredible because the notes never were admitted into the record. But the record clearly indicates that the notes were part of the evidence of record. And the IJ did not err in considering Pierre's prior statements given during that interview because they were material and relevant to her claim. See 8 C.F.R. § 1240.7 ("[t]he [IJ] may receive in evidence any oral or written statement that is material and relevant to any issue in the case previously made by the respondent . . . during any investigation, examination, hearing, or trial").

We review an adverse credibility determination under the substantial evidence test; and we will not substitute our judgment for that determination.[3] D-Muhumed v. U.S. Attorney Gen., 388 F.3d 814, 818 (11th Cir. 2004); see also Forgue, 401 F.3d at 1287 ("Once an adverse credibility finding is made, the burden is on the applicant alien to show that the . . . credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence.") (internal quotation omitted). "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." Ruiz v. U.S. Attorney Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). In addition, the weaker the applicant's testimony, the greater the need for corroborative evidence. Yang, 418 F.3d at 1201.

The IJ and BIA provided specific, cogent reasons for the credibility determination, which are supported by substantial evidence. See D-Muhumed, 388 F.3d at 819. A review of Pierre's statements in her asylum application, asylum interview, and at the hearing reveal inconsistencies on material elements of her claim that she and her family suffered political persecution in Haiti at the

---

[3]An IJ must make explicit credibility determinations, see Yang v. U.S. Attorney Gen., 418 F.3d 1198, 1201 (11th Cir. 2005); and the IJ did so in this case. In addition, because Pierre's asylum application and oral statements made at her hearing were the only evidence of persecution that she offered, an adverse credibility determination would be "sufficient to support the denial of [her] asylum application." Forgue, 401 F.3d at 1287.

4

hands of Lavalas because of her and her brother's involvement in KID.[4] Pierre

testified that her sister died at the hands of Lavalas in September 2003, shortly

after Pierre filed for asylum; but she failed to amend her application to reflect this

crucial fact. While she explained that she did not know how to amend her

application, it is noteworthy that Pierre had a lawyer when the IJ set a deadline for

amendments and submission of corroborating evidence. In addition, Pierre's

testimony about when she first received threatening phone calls after her brother's

disappearance and whether two Lavalas members who came looking for her at the

orphanage followed her or whether she escaped from them unseen was

inconsistent with her asylum application and interview. These omissions and

inconsistencies are about key elements of Pierre's claim that Lavalas was

persecuting her and her family based on her brother's participation in KID, and

therefore, cast doubt on her entire claim.

    In the light of Pierre's weak testimony, the IJ and BIA correctly noted that

she was required to -- but did not -- provide corroborating evidence to support her

---

[4]Here, the BIA applied the "heart of the claim" test in determining that the inconsistencies in Pierre's testimony rendered her incredible. While we never expressly have adopted the "heart of the claim" test, we still conclude that the BIA's adverse credibility determination is supported by substantial evidence. See Nreka v. U.S. Attorney Gen., 408 F.3d 1361, 1369 (11th Cir. 2005) (upholding the denial of asylum because Nreka failed to provide sufficient corroborating evidence and explanation to rebut the IJ's express concerns about credibility of his testimony on "key elements" of the claim).

claim. See Yang, 418 F.3d at 1201. Pierre failed to provide her sister's death certificate, documentation of her involvement in KID, or a police report indicating that her brother was missing. Pierre explained that she had these items but that they were stolen from her car in February 2005. Pierre submitted a police report documenting this theft; but, the police report did not list items relating to her pending immigration proceedings as missing. And even still, the theft occurred over a year after the deadline set by the IJ for submitting corroborating evidence. Accordingly, nothing in the record compels us to substitute our judgment on the credibility issue.[5]

We briefly address Pierre's claim that the BIA abused its discretion in denying her motion to reopen[6] because the evidence she sought to submit bore directly on her credibility. We review the BIA's denial of a motion to reopen for an abuse of discretion; and the BIA's discretion is "quite broad." Gbaya v. U.S. Attorney Gen., 342 F.3d 1219, 1220 (11th Cir. 2003) (quotation omitted).

---

[5]Even if Pierre were credible, the BIA is due to be affirmed: it rested on the alternative ground that Pierre had not demonstrated an objectively reasonable fear of future persecution upon return to Haiti. Substantial evidence supports this determination as Pierre was, at most, a low-level participant in KID and Lavalas is no longer in power in Haiti.

[6] Below, Pierre styled her motion as one "to submit additional evidence." We construe it as a motion to reopen because it sought to have the IJ consider evidence not previously presented. See Al Najjar, 257 F.3d at 1301 (stating that where a motion to remand "seeks to introduce evidence that has not previously been presented, it is generally treated as a motion to reopen under [8 C.F.R. § 1003.2(c)]").

We conclude that no abuse occurred here because three of the documents that Pierre wished the IJ to consider -- a pregnancy certification letter, marriage certificate, and a 2005 Country Report about conditions in Haiti -- were unimportant to her claim and did not bear on her credibility. The remaining items, including her sister's death certificate, should have been filed before the asylum hearing. And nothing in the record evidences that these items were unavailable at that time.

PETITION DENIED.